UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAHNI ROBINSON,

               Plaintiff,

                                             MEMORANDUM AND ORDER
    -against-                      19-CV-1535(JS)(GRB)

COUNTY OF NASSAU,

               Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Jahni Robinson, pro se
                    18-A-1950
                    Cape Vincent Correctional Facility
                    Route 12E
                    Box 739
                    Cape Vincent, New York 13618

For Defendant:      No appearances.

SEYBERT, District Judge:

        By Memorandum and Order dated July 10, 2019 (the "M&O," D.E. 17), the Court granted the application of incarcerated pro se plaintiff Jahni Robinson ("Plaintiff") to proceed in forma pauperis and dismissed his Complaint brought pursuant to 42 U.S.C. § 1983 and granted Plaintiff leave to file an Amended Complaint in accordance with the guidance set forth in the M&O within thirty (30) days from the date of the M&O. On August 9, 2019, Plaintiff timely filed a sparse document entitled "Amended Complaint" against Nassau County ("Defendant"). For the following reasons, the Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

THE AMENDED COMPLAINT

Plaintiff's sparse Amended Complaint alleges the following, in its entirety:[1]

> On January 3, 2017 I was in Nassau County Jail. I was sent to the "E2F" Dorm of the "E-building" of the jail. I was jumped at about 2:30 p.m. and correctional officers were not on their post enabling the inmates to assault me. They were in the Bubble (correctional office) watching me be assaulted. They came in to get me after the inmates stopped.

(Am. Compl. ¶ 6.) Plaintiff alleges two causes of action, "failure to protect" and "lack of security" for which he seeks to recover damages in total sum of $15 million. (Am. Compl. ¶¶ 7-8.)

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint or amended complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. <u>Section 1983</u>

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord <u>Rehberg v. Paulk</u>, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" <u>Rae v. Cty. of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)).

As the Court made clear in the M&O, (<u>see</u> M&O at 5-7), a municipality such as Nassau County cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory. See <u>Monell v. Dep't of Soc. Servs. of N.Y. City</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to

4

official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004)

5

(internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Amended Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, the Amended Complaint does not allege a plausible Section 1983 claim and is thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint--even under the very liberal reading accorded pro se pleadings--does not allege a plausible claim for relief. Accordingly, Plaintiff's Amended Complaint is sua sponte DISMISSED

WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this M&O to the pro se Plaintiff and to mark this case CLOSED.

    SO ORDERED.

    /s/ JOANNA SEYBERT
    JOANNA SEYBERT, U.S.D.J.

Dated:    October  16 , 2019
           Central Islip, New York